# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **CHERYL MELTON,**<br><br>Plaintiff,<br><br>v.<br><br>**MICHAEL J. ASTRUE,**<br>**Commissioner of Social Security,**<br><br>Defendant. | **MEMORANDUM DECISION**<br>**AND ORDER**<br><br>Case No. 2:08-cv-833-PMW<br><br>Magistrate Judge Paul M. Warner |

Before the court is Cheryl Melton's ("Plaintiff") appeal of Michael J. Astrue's (the "Commissioner") final decision determining that Plaintiff was not entitled to Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. *See* 42 U.S.C. §§ 1381-1383f. After careful consideration of the written briefs and the complete record, the court has determined that oral argument would not be helpful or necessary in this case.

## BACKGROUND

Plaintiff protectively applied for SSI on April 15, 2004, alleging disability beginning on October 1, 1991.[1] After Plaintiff's applications were denied initially and upon reconsideration,[2] she requested a hearing before an Administrative Law Judge ("ALJ").[3] The hearing before the

---

[1] *See* docket no. 10, Administrative Record ("Tr. ____"), 19.

[2] *See* Tr. 19, 37-51.

[3] *See* Tr. 52-55.

ALJ was held on September 14, 2006.[4] During the hearing, Plaintiff amended her alleged onset date of disability to April 15, 2004.[5] The ALJ issued a written decision on January 23, 2007, denying Plaintiff's claim for SSI.[6] Plaintiff then filed a request for review of the ALJ's decision.[7] On September 26, 2008, the Appeals Council denied Plaintiff's request for review,[8] making the ALJ's January 23, 2007 decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3); 20 C.F.R. § 416.1481.

On October 30, 2008, Plaintiff filed her complaint in this case, which was assigned to District Judge Clark Waddoups.[9] On December 9, 2008, the parties consented to having a United States Magistrate Judge conduct all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[10] Consequently, the case was reassigned to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure.[11]

---

[4] *See* Tr. 398-436.

[5] *See* Tr. 403.

[6] *See* Tr. 16-28.

[7] *See* Tr. 13-15.

[8] *See* Tr. 6-8.

[9] *See* docket no. 3.

[10] *See* docket no. 4.

[11] *See id.*

On February 11, 2009, the Commissioner filed his answer to Plaintiff's complaint,[12] and the court received the Administrative Record the following day.[13] Plaintiff filed his opening brief on May 30, 2009.[14] The Commissioner filed his responsive brief on June 29, 2009.[15] Plaintiff filed his reply brief on July 22, 2009.[16]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient

---

[12] *See* docket no. 7.

[13] *See* docket no. 10.

[14] *See* docket no. 14.

[15] *See* docket no. 15.

[16] *See* docket no. 16.

basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. § 416.920(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. § 416.920(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. § 416.920(a)(4)(iii). At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20

4

C.F.R. § 416.920(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity [("RFC")] to perform other work in the national economy in view of his age, education, and work experience." *Id*.; *see* 20 C.F.R. § 416.920(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. § 416.920(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," *id*., he is disabled and entitled to benefits.

## ANALYSIS

In support of her claim that the Commissioner's decision should be reversed, Plaintiff argues that the ALJ erred: (1) in the evaluation of Plaintiff's chronic pain; (2) in the analysis at step two by failing to determine that Plaintiff's peripheral neuropathy and hepatitis C were severe impairments; (3) by failing to give appropriate weight to Plaintiff's treating sources; (4) by failing to apply Social Security Ruling ("SSR") 06-03p; (5) by making determinations at step five that were not supported by substantial evidence; and (6) by drawing improper conclusions about Plaintiff's lack of mental health treatment. The court will address each argument in turn.

### I. Pain

Plaintiff advances several arguments indicating that the ALJ erred in his evaluation of Plaintiff's chronic pain. For the following reasons, those arguments fail.

5

Plaintiff's principal argument appears to be that the ALJ erred by failing to attribute her pain to fibromyalgia. However, the court's review of the ALJ's decision reveals that he did recognize Plaintiff's fibromyalgia. Indeed, as Plaintiff has admitted, the ALJ specifically concluded at step two that Plaintiff's fibromyalgia was a severe impairment. Further, as the court will demonstrate below, the ALJ did not err in dealing with Plaintiff's allegations of pain.

Plaintiff next attacks the ALJ's determination that Plaintiff's allegations of pain were not entirely credible. In general, "[c]redibility determinations are peculiarly the province of the finder of fact, and [this court] will not upset such determinations when supported by substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotations and citation omitted). Although credibility determinations "should be closely and affirmatively linked to substantial evidence," *id*. (quotations and citation omitted), they "do[] not require a formalistic factor-by-factor recitation of the evidence." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

SSR 96-7p clarifies the standards an ALJ must apply when evaluating the credibility of an individual's statements, including his or her allegations of pain. *See* SSR 96-7p. In addition to the objective medical evidence, an ALJ should consider the following factors when assessing the credibility of an individual's statements:

    1.    The individual's daily activities;
    2.    The location, duration, frequency, and intensity of the individual's pain or other symptoms;
    3.    Factors that precipitate and aggravate the symptoms;
    4.    The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
    5.    Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;

> 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
> 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

*Id.*; *see* 20 C.F.R. § 416.929(c); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993).

In discussing his evaluation of Plaintiff's credibility, the ALJ specifically recognized that he was required to consider the factors set forth in SSR 96-7p and 20 C.F.R. § 416.929(c). The court concludes that the ALJ considered and relied on several of those factors in reaching his determination that Plaintiff's testimony was not entirely credible. First, the ALJ properly relied upon the fact that Plaintiff's daily activities were not indicative of someone who was totally disabled and, instead, were indicative of a person who could perform at least sedentary and light work. *See* 20 C.F.R. § 416.929(c)(3); SSR 96-7p. Specifically, the ALJ cited to portions of the record, including Plaintiff's own testimony, indicating that Plaintiff had been able to do light household chores, do laundry, cook, watch television, read, care for her personal needs, run errands, shop for groceries, work several hours per week as a cleaner, visit with family several times per week, attend church several times per week, occasionally go out to eat with friends, and drive a car. The ALJ also noted Plaintiff's own testimony that she could lift and carry up to 25 pounds, stand for 10-20 minutes at one time, and walk two-thirds of a mile at one time. Second, the ALJ properly relied upon Plaintiff's failure to maintain a consistent patient relationship with any physician regarding her allegedly disabling fibromyalgia or mental impairments and her failure

to comply with some forms of treatment prescribed for her conditions. *See* 20 C.F.R. § 416.929(c)(3); SSR 96-7p. Finally, the ALJ properly relied upon the lack of objective medical evidence to support Plaintiff's allegations about her physical symptoms. *See* 20 C.F.R. § 416.929(c)(2); SSR 96-7p.

As a final matter on this point, the court notes that many of Plaintiff's arguments appear to be attempts to reargue the weight of the evidence before the ALJ. That tactic is futile because it is not this court's role to reweigh the evidence before the ALJ. *See Madrid*, 447 F.3d at 790. Indeed, it is the ALJ's role is to weigh and resolve evidentiary conflicts and inconsistencies. *See, e.g.*, *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988). From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions. *See Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)).

For these reasons, the court concludes that the ALJ did not err in evaluating Plaintiff's chronic pain.

## II. Step Two

Plaintiff argues that the ALJ erred at step two of the sequential evaluation process by failing to determine that Plaintiff's peripheral neuropathy and hepatitis C were severe impairments. "[A]t step two, the ALJ must consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity [to survive step two]." *Carpeneter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008)

8

(quotations and citations omitted) (second and third alterations in original); *see* 20 C.F.R. § 416.923. The Tenth Circuit has explained that any error committed in that consideration is rendered "harmless when the ALJ reach[es] the proper conclusion that [the claimant] could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence." *Carpenter*, 537 F.3d at 1266.

In this case, the ALJ determined that Plaintiff suffered from several severe impairments and could not be denied benefits at step two. Consequently, the ALJ proceeded to step three of the sequential evaluation process. Therefore, Plaintiff's argument with respect to the ALJ's step two analysis must fail.

### III. Treating Source Opinions

Plaintiff argues that the ALJ did not give appropriate weight to the opinions of Plaintiff's treating sources, Dr. Dan Albu, Dr. Sharon Lee, Dr. Carol Gage, and Dr. Elizabeth Allen.

> In deciding how much weight to give a treating source opinion, an ALJ must first determine whether the opinion qualifies for controlling weight. To make this determination, the ALJ . . . must first consider whether the opinion is well[ ]supported by medically acceptable clinical and laboratory diagnostic techniques. If the answer to this question is "no," then the inquiry at this stage is complete. If the ALJ finds that the opinion is well[ ]supported, he must then confirm that the opinion is consistent with other substantial evidence in the record. If the opinion is deficient in either of these respects, then it is not entitled to controlling weight.
>
> Even if a treating physician's opinion is not entitled to controlling weight, treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [20 C.F.R. § 416.927]. Those factors are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the

9

treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

Under the regulations, the agency rulings, and [Tenth Circuit] case law, an ALJ must give good reasons . . . for the weight assigned to a treating physician's opinion . . . that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight. If the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so.

*Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (quotations and citations omitted) (sixth alteration in original); *see also* 20 C.F.R. § 416.927(d).

As with other evidentiary matters, when an ALJ is considering medical opinion evidence, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies. *See, e.g.*, *Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247. In addition, a treating source's opinion that a claimant is disabled "is not dispositive because final responsibility for determining the ultimate issue of disability is reserved to the [Commissioner]." *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994); *see also* 20 C.F.R. § 416.927(e).

With respect to the opinions of Dr. Albu, Plaintiff references only a diagnosis of fibromyalgia. As discussed above, the ALJ recognized Plaintiff's fibromyalgia and specifically concluded at step two that it was a severe impairment. Accordingly, Plaintiff's argument concerning the ALJ's treatment of the opinions of Dr. Albu fails.

10

As to the opinions of Dr. Lee, the ALJ accepted Dr. Lee's opinions about the nature of Plaintiff's medical issues. At the same time, however, the ALJ gave diminished weight to Dr. Lee's opinions about Plaintiff's RFC, her ability to do past work, her ability to do other work, and whether she was disabled. In reaching those conclusions, the ALJ properly relied upon the fact that Dr. Lee's opinions were inconsistent with other opinions and treatment notes in the record. *See* 20 C.F.R. § 416.927(d)(4). The ALJ also properly relied upon the fact that Dr. Lee's extremely restrictive opinions were unsupported by objective medical evidence and were inconsistent with Plaintiff's testimony and her activities of daily living. *See id*. § 416.927(d)(3), (d)(4). Finally, the ALJ correctly noted that several of Dr. Lee's medical opinions were on issues reserved to the Commissioner, such as the determinations about Plaintiff's RFC and whether she was disabled. *See Castellano*, 26 F.3d at 1029; *see also* 20 C.F.R. § 416.927(e)(1), (e)(2). For these reasons, the court concludes that the ALJ did not err in his treatment of Dr. Lee's opinions.

Plaintiff's only argument about the opinions of Dr. Gage and Dr. Allen relates to the ALJ's failure to reference the GAF scores provided by those doctors. The Tenth Circuit has indicated that "[s]tanding alone, a low GAF score does not necessarily evidence an impairment seriously interfering with a claimant's ability to work." *Lee v. Barnhart*, 117 Fed. App'x 674, 678 (10th Cir. 2004) (unpublished). As noted by the Commissioner, neither Dr. Gage nor Dr. Allen indicated that Plaintiff could not work. As such, the court cannot conclude that the ALJ erred by failing to reference the GAF scores provided by Dr. Gage or Dr. Allen. *See Lopez v. Barnhart*, 78 Fed. App'x 675, 678 (10th Cir. 2003) (unpublished) (indicating that when a doctor does not indicate that a claimant cannot work, a "GAF score, standing alone, does not undermine, nor is it

11

significantly probative evidence in opposition to, the ALJ's ultimate conclusions concerning the seriousness of claimant's mental status or ability to work" (quotations and citation omitted)).

Based on the foregoing, the court concludes that the ALJ did not err in his treatment of the opinions of Dr. Albu, Dr. Lee, Dr. Gage, and Dr. Elizabeth Allen.

### IV. SSR 06-03p

Plaintiff argues that the ALJ erred in his treatment of the opinions of social worker Elizabeth LaMont. More specifically, Plaintiff argues that the ALJ did not properly apply SSR 06-03p to Ms. LaMont's opinions as an "other source." *See* SSR 06-03p. SSR 06-03p indicates that an ALJ should apply the same factors used in evaluating opinion evidence from treating sources when evaluating opinion evidence from "other sources" or "non-medical sources." *See id.*; *see also* 20 C.F.R. § 416.927(d).

Contrary to Plaintiff's argument, the ALJ properly applied SSR 06-03p in evaluating Ms. LaMont's opinions. In reaching his conclusion that he was not accepting Ms. LaMont's opinions, the ALJ properly relied upon the fact that Ms. LaMont's extremely restrictive opinions were unsupported by objective medical evidence in the record. *See* SSR 06-03p; *see also* 20 C.F.R. § 416.927(d)(3). The ALJ also properly relied upon Plaintiff's short treatment relationship with Ms. LaMont and the lack of treatment notes to support Ms. LaMont's opinions. *See* SSR 06-03p; *see also* 20 C.F.R. § 416.927(d)(2), (d)(3). Finally, the ALJ properly relied on the fact that Ms. LaMont was not an acceptable medical source. *See* SSR 06-03p. For these reasons, the court concludes that the ALJ did not err in his treatment of Ms. LaMont's opinions or in his application of SSR 06-03p to those opinions.

## V. Step Five

Plaintiff argues that the ALJ made determinations at step five of the sequential evaluation process that were not supported by substantial evidence. Both of Plaintiff's arguments on this point fail.

In her first argument, Plaintiff contends that the ALJ erred by failing to include in the hypothetical given to the vocational expert ("VE") all of the limitations concerning her peripheral neuropathy as expressed in the opinions of her treating sources. As indicated above, the court has concluded that the ALJ did not err in his treatment of or the weight he accorded to the opinions of Plaintiff's treating sources. Accordingly, this argument fails.

In her second argument, Plaintiff asserts that the ALJ failed to include in the hypothetical given to the VE all of the mental limitations expressed on the state agency mental RFC form. As noted by the Commissioner, however, the ALJ specifically referenced the state agency mental RFC form during the hearing and discussed its contents with the VE on the record. After reviewing the transcript of that exchange between the ALJ and the VE, the court concludes that the ALJ sufficiently covered the content of that form when expressing Plaintiff's mental limitations to the VE. Therefore, this argument likewise fails.

## VI. Mental Health Treatment

Plaintiff argues that the ALJ erred by drawing improper conclusions about Plaintiff's lack of mental health treatment. In advancing this argument, Plaintiff relies upon a test set forth in *Frey v. Bowen*, 816 F.2d 508 (10th Cir. 1987). Plaintiff asserts that the ALJ was required to consider

the four factors set forth in *Frey* before he could rely on Plaintiff's failure to pursue mental health treatment as a basis for finding her testimony not entirely credible. *See id*. at 517.

Plaintiff's reliance on the test set forth in *Frey* is misplaced. As the Tenth Circuit more recently explained in explained in *Qualls*, "*Frey* concerned the circumstances under which an ALJ may deny benefits because a claimant has refused to follow prescribed treatment." *Qualls*, 206 F.3d at 1372. In *Qualls*, the ALJ "did not purport to deny [the] plaintiff benefits on the ground he failed to follow prescribed treatment." *Id*. Instead, the ALJ in *Qualls* properly considered what attempts the plaintiff made to relieve his symptoms in an effort to evaluate the truth of the plaintiff's allegations that his symptoms were disabling. *See id*. The court has determined that the ALJ in this case considered Plaintiff's failure to pursue or comply with mental health treatment in the same manner set forth in *Qualls*. Accordingly, Plaintiff's argument on this point fails.

## CONCLUSION AND ORDER

The court concludes that all of Plaintiff's arguments fail. Accordingly, **IT IS HEREBY ORDERED** that the Commissioner's decision in this case is **AFFIRMED** in all respects.

**IT IS SO ORDERED**.

DATED this 26th day of March, 2010.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge